Filed 1/3/23  P. v. Harvest CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DWAYNE DIENELL HARVEST,<br><br>    Defendant and Appellant. | 2d Crim. No. B320179<br>(Super. Ct. No. SB196743)<br>(Santa Barbara County) |

Dwayne Dienell Harvest appeals from the postjudgment order denying his petition for resentencing pursuant to Penal Code section 1170.95 (renumbered as section 1172.6 without substantive change).[1]  We affirm.

In 1993, Harvest was found guilty in a court trial of residential burglary of the home of Jane Doe (§ 459), assaulting her with intent to commit rape (§ 220), and attempted murder of her son, Joseph M. (§§ 664, 187, subd. (a)).  The court found true

_____

[1] Subsequent statutory references are to the Penal Code.

enhancements that he personally used a deadly weapon (a knife) in the attempted murder and burglary (§ 12022, subd. (b)), and personally inflicted great bodily injury on Joseph M. during the attempted murder with the intent to inflict such injury (§ 12022.7).

Harvest was sentenced to life imprisonment with the possibility of parole for the attempted murder, plus one year for the use of a deadly weapon and three years for inflicting great bodily injury. He received a consecutive determinate sentence of six years for assault with intent to commit rape, plus five years for a prior serious felony conviction (§ 667, subd. (a)). The court stayed a six-year sentence for residential burglary pursuant to section 654. We affirmed the judgment on appeal. (*People v. Dwayne Dienell Harvest* (Nov. 23, 1994, B077842) [nonpub. opn.].)

In January 2022, Harvest filed a petition for resentencing (§ 1172.6). The court appointed the public defender to represent him. After a hearing, the court denied the petition. The court found that Harvest did not make a prima facie case for relief because he was the sole defendant in the case, he personally used a knife in the commission of the crime, and there is no indication the conviction was based on the now-invalid theory of natural and probable consequences.

We appointed counsel to represent Harvest in this appeal. After examining the record, counsel filed an opening brief that raises no arguable issues. (*People v. Serrano* (2012) 211 Cal.App.4th 496, 503.) Harvest filed a supplemental brief in which he raises several issues.

Because this appeal is from an order denying postconviction relief rather than a first appeal of right from a

2

criminal conviction, Harvest is not entitled to independent review pursuant to *People v. Wende* (1979) 25 Cal.3d 436. (*People v. Delgadillo* (Dec. 19, 2022, S266305) ___ Cal.5th ___ [2022 Cal. LEXIS 7654 at *20-21] (*Delgadillo*).) We nevertheless evaluate the arguments raised in Harvest's supplemental brief. (*Id*. at p. __ [2022 Cal. LEXIS 7654 at *21].) We conclude they do not raise any arguable issue on appeal.

Harvest contends there was no proof he intended to kill Joseph M. We disagree. Section 1172.6 "was enacted 'to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*People v. Lewis* (2021) 11 Cal.5th 952, 967.) At the hearing, the court properly considered the record of conviction. (*Id*. at pp. 970-972.) It showed that Harvest was charged with attempting to murder Joseph M. "willfully, unlawfully, and with a malice aforethought." By convicting Harvest of that offense, the court impliedly found he had the intent to kill Joseph M. (*People v. Bland* (2002) 28 Cal.4th 313, 327.)

The record refuted Harvest's claim that the conviction might have been based on a theory of natural and probable consequences. (*People v. Lewis*, *supra*, 11 Cal.5th at p. 971.) The record established that Harvest was ineligible for relief as a matter of law because he was the actual attempted killer and acted with intent to kill. (*Id*. at p. 966; *Delgadillo*, *supra*, ___ Cal.5th at p. ___ [2022 Cal. LEXIS 7654 at *24] ["Delgadillo is not entitled to any relief under section 1172.6" because he "was the actual killer and the only participant in the killing"].) Harvest

3

failed to meet his burden to establish a prima facie case for relief. (§ 1172.6, subd. (c).)

Contrary to Harvest's claim, this is not a case of transferred intent. "To be guilty of attempted murder, the defendant must intend to kill the alleged victim, not someone else." (*People v. Bland, supra,* 28 Cal.4th at p. 328.) Nothing in the record supports a scenario where Harvest intended to kill Jane Doe by stabbing Joseph M.

Harvest also contends the court improperly relied on the appellate decision from the direct appeal and the probation report. The trial court's ruling stated that it relied on the appellate decision only for its procedural history and conclusions of law. This complies with the law. (*People v. Flores* (2022) 76 Cal.App.5th 974, 988.) The record does not show that the trial court relied on the probation report.

Harvest contends the public defender's office had a conflict of interest because they previously represented the victim, and a conflict attorney was appointed to represent Harvest at trial. The record before us does not include this information. There was no objection to appointment of the public defender in the section 1172.6 proceedings. If a continuing conflict existed, Harvest has not shown he was prejudiced by it. (*People v. Carrillo* (2008) 163 Cal.App.4th 1028, 1039-1041; see *People v. Lewis, supra,* 11 Cal.5th at pp. 972-974 [failure to appoint counsel before prima facie determination harmless].)

DISPOSITION

The order denying the section 1172.6 petition is affirmed.

NOT TO BE PUBLISHED.

                    BALTODANO, J.


We concur:



      GILBERT, P. J.



      YEGAN, J.

5

Monica Marlow, Judge
(Retired Judge of the Shasta Sup. Ct. assigned by the Chief
Justice pursuant to art. VI, § 6 of the Cal. Const.)
Superior Court County of Santa Barbara

_____

Richard B. Lennon, under appointment by the Court of
Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.